United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CRISTOBAL HERNANDEZ SALDIVAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-547 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Cristobal Hernandez Saldivar is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In 2019, an Immigration Judge ordered Petitioner removed, but granted him "deferral of removal" to Mexico. (Pet., Doc. 1, ¶ 17) In May 2026, Respondents detained Petitioner and he has remained in custody since then. (*Id.* at ¶ 19)

Respondents move to dismiss the Petition, arguing that it is not yet ripe under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Motion, Doc. 9) A United States Magistrate Judge has recommended that the Petition be dismissed for lack of subject matter jurisdiction. (R&R, Doc. 12) Petitioner timely objected to the Report and Recommendation. (Objs., Doc. 13)

The Court must conduct de novo review of any portion of the Report and Recommendation that "has been properly objected to." FED. R. CIV. P. 72(b)(3). After conducting that review, the Court concludes that the Report and Recommendation correctly and ably addresses the issues that Petitioner raises.

Petitioner contends that the Report and Recommendation "elevates form over constitutional substance by focusing exclusively on the most recent custody date while disregarding the Government's continuing inability to execute the removal order." (Objs., Doc. 13, 4) The Court disagrees. The Supreme Court has established that the United States

1 / 2

Government may constitutionally detain an alien subject to a final order of removal for a presumptively-reasonable period of six months. *Zadvydas*, 533 U.S. at 701.  As the Report and Recommendation correctly notes, courts consider whether removal is reasonably foreseeable only after the six-month period has expired. (*See* R&R, Doc. 12, 3 (citing *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011)))

Petitioner also argues that under the Report and Recommendation's analysis, "each time ICE elects to take Petitioner back into custody, a new period of presumptively reasonable detention begins, regardless of the Government's prior inability to execute the same removal order and regardless of whether the legal and factual barriers to removal remain unchanged." (R&R, Doc. 13, 6)  This hypothetical, however, does not depict Petitioner's circumstances. Petitioner does not allege that Respondents have repeatedly released him and re-detained him to trigger a new six-month period.  As a result, the Court does not reach whether such a scenario would violate the Due Process Clause of the Fifth Amendment under *Zadvydas*.

As a result, the Court **ADOPTS** the Report and Recommendation (Doc. 12).  It is:

**ORDERED** that Petitioner Cristobal Hernandez Saldivar's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** without prejudice for lack of subject matter jurisdiction; and

**ORDERED** that the Government's Motion to Dismiss (Doc. 9) is **DENIED** as moot.[1]

This is a final and appealable order.

The Clerk of Court is directed to close this case.

Signed on July 31, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge

---

[1] Respondents move for dismissal under Federal Rule of Civil Procedure 12(b)(6).  The Court denies the Petition based on Federal Rule of Civil Procedure 12(b)(1), but based on the same substantive arguments as within the motion to dismiss.

2 / 2